IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NINA S. MANNING, | ) CIV. NO. 10-00060 JMS/BMK |
| | ) CR. NO. 05-00491 JMS |
| Petitioner, | ) |
| | ) ORDER (1) DENYING MOTION TO |
| vs. | ) VACATE, SET ASIDE, OR |
| | ) CORRECT SENTENCE UNDER 28 |
| UNITED STATES OF AMERICA, | ) U.S.C. § 2255 AND (2) DENYING |
| | ) CERTIFICATE OF |
| Respondent. | ) APPEALABILITY |
| _____ | ) |

### ORDER (1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Before the court is Petitioner Nina S. Manning's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Petitioner's § 2255 Motion"). In her Motion, Petitioner challenges her sentence on various grounds, including ineffective assistance of counsel.

For the following reasons, the court DENIES Petitioner's § 2255 Motion and DENIES a certificate of appealability.

### I. BACKGROUND

On November 9, 2005, a federal grand jury returned a single-count indictment charging Petitioner with the September 30, 2002 second-degree murder of her infant daughter, J.M., at the Radford Terrace Naval Housing complex. The

indictment alleged that Petitioner, with malice aforethought, unlawfully killed 4-1/2 month-old J.M. by smothering, suffocating, and otherwise depriving J.M. of oxygen.  Evidence against Petitioner included incriminating statements that she made to Naval Criminal Investigative Service ("NCIS") agents during questioning on June 20, 2005.

On June 22, 2007, Petitioner filed a Motion to Suppress Statements and Evidence.  Petitioner sought to suppress statements that she made to NCIS agents on June 20, 2005, claiming that the statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 498 (1966).  After an evidentiary hearing, the court denied the motion to suppress, finding that Petitioner was not in custody during the June 20, 2005 questioning.  The court further found that Petitioner made her statements voluntarily.  Doc. No. 57.

On September 27, 2007, Petitioner entered into a plea agreement and pled guilty to the one count of the indictment.  By the terms of the plea agreement, Petitioner knowingly waived the right to appeal, except in limited circumstances, including the right to appeal from the denial of Petitioner's Motion to Suppress Statements and Evidence concerning her June 20, 2005 statements.  Doc. No. 59 at ¶¶ 4, 13.  Petitioner also acknowledged in the plea agreement that her decision to plead guilty was "voluntary."  *Id.* at ¶ 4.  At the change of plea hearing, Petitioner

stated that she was satisfied with Richard S. Kawana's ("Kawana") representation of her, Doc. No. 85 at 7:25-8:2, and also stated that she entered a guilty plea voluntarily:

> THE COURT: All right. Now, has anyone made any promise, any promise or assurance to you of any kind in an effort to get you to plead guilty other than what is specifically set forth in the plea agreement?
>
> [PETITIONER]: No.
>
> THE COURT: Has anyone threatened you or anyone else or forced you in any way to plead guilty?
>
> [PETITIONER]: No.
>
> THE COURT: Are you pleading guilty of your own free will because you are guilty?
>
> [PETITIONER]: Yes.

*Id.* at 8:3-13. On January 25, 2008, the court sentenced Petitioner to 132 months imprisonment, five years supervised release, and a $100 special assessment. Final judgment was entered on February 1, 2008. Doc. No. 72 at 1-2.

On February 13, 2008, Petitioner filed a Notice of Appeal. Doc. No. 76. In her appeal, Petitioner alleged that the evidence against her should be suppressed because (1) her statements were obtained in violation of *Miranda*; and (2) her confession was coerced. Gov. Resp. Ex. A at 2. On February 4, 2009, the Ninth Circuit rejected Petitioner's arguments on appeal and affirmed Petitioner's

3

conviction. *United States v. Manning*, 312 Fed. Appx. 34 (9th Cir. 2009).

On February 1, 2010, Petitioner filed the present § 2255 Motion and on February 22, 2010, Petitioner filed a Memorandum in Support of her § 2255 Motion. On March 31, 2010, the government filed a Response and on May 4, 2010, Petitioner filed a Reply. After a careful review of the record, the court finds that it is appropriate to rule on the Petitioner's § 2255 Motion without an evidentiary hearing. As explained below, Petitioner has failed to make any specific factual allegations which, if true, would entitle her to relief. Accordingly, an evidentiary hearing is not necessary.

## II.  STANDARD OF REVIEW

The court's review of Petitioner's Motion is governed by 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255. In the Ninth Circuit, this standard requires an evidentiary hearing where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). "Thus, the district court's decision that [the petitioner's] ineffective assistance claim did not warrant an evidentiary hearing [is] correct if his allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citing *Schaflander*, 743 F.2d at 717) (quotations omitted).[1] Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

### III. ANALYSIS

Petitioner contends that she is entitled to relief because (1) her Fifth Amendment rights were violated; (2) her conviction was obtained through use of a coerced confession; and (3) she received ineffective assistance of counsel from Kawana. In opposition, the government contends that Petitioner's first two

---

[1] Although an evidentiary hearing is normally required when a petitioner's allegations are based on facts outside of the record, no hearing is required when the petitioner's credibility can be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988); *see also Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

arguments are procedurally barred and that her ineffective assistance of counsel claim is without merit. The court considers these issues in turn.

**A.     Petitioner's Claims Raised on Direct Appeal Are Procedurally Barred**

Petitioner previously alleged on direct appeal that her Fifth Amendment rights were violated and that she was convicted through use of a coerced confession. Gov. Resp. Ex. A at 2. The Ninth Circuit rejected those very arguments. *Manning*, 312 Fed. Appx. at 35-36 (finding that Manning's Fifth Amendment rights were not violated because "Manning was not in custody" and that "Manning's confession was voluntary"). Because Petitioner previously raised these arguments on direct appeal, she is procedurally barred from rearguing them in the context of a § 2255 motion. *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (finding that the petitioner "raised this precise claim in his direct appeal, and this court expressly rejected it . . . . [t]herefore, this claim cannot be the basis of a § 2255 motion") (citations omitted).

The court thus finds that Petitioner is procedurally barred from raising her Fifth Amendment and coerced confession claims.

**B.	Ineffective Assistance of Counsel**

Petitioner contends that Kawana provided ineffective assistance of counsel.[2]  Petitioner argues that Kawana was ineffective because he allegedly (1) induced her to enter a guilty plea; and (2) failed to argue that the NCIS agents who interrogated Petitioner were bound to abide by the Uniform Code of Military Justice.  For the following reasons, neither of Petitioner's arguments entitle her to relief pursuant to § 2255.

   *1.	Legal Framework*

The Sixth Amendment guarantees the right to effective assistance of counsel at all critical stages of a criminal proceeding, including sentencing.  *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997).  A petitioner demonstrates ineffective assistance of counsel by showing that: (1) her counsel's performance was objectively deficient, and (2) the deficient performance prejudiced her defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  "[S]trategic choices made after thorough investigation of

---

[2] On February 12, 2010, the court entered an Order finding that Petitioner had waived her attorney-client privilege with Kawana as to the claims raised in her § 2255 Motion.

law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. at 690-91.

Even upon showing that counsel's performance is deficient, the petitioner must also show that the deficiency was prejudicial to the petitioner's defense. *Id*. at 692. Stated differently, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

> 2. *Kawana Was Not Objectively Deficient in Representing Petitioner*
>
>> a. *Inducement to enter a guilty plea*

Petitioner first claims that Kawana "induced [Petitioner] to plead guilty and take her chances on appeal." Kawana allegedly gave Petitioner this advice based on his admission that "he really doesn't know about this type of case." Pet'r § 2255 Mot. at 7.

Petitioner provides no support for her contention that Kawana induced Petitioner to plead guilty based on his inexperience or any other factor. In fact, Petitioner's contention that Kawana induced her to plead guilty is belied by the record. The plea agreement, which Petitioner signed, plainly states that

Petitioner's decision to plead guilty was "voluntary." Doc. No. 59 at ¶ 4. At the change of plea hearing, Petitioner also denied that her guilty plea was induced:

> THE COURT: All right. Now, has anyone made any promise, any promise or assurance to you of any kind in an effort to get you to plead guilty other than what is specifically set forth in the plea agreement?
>
> [PETITIONER]: No.
>
> THE COURT: Has anyone threatened you or anyone else or forced you in any way to plead guilty?
>
> [PETITIONER]: No.
>
> THE COURT: Are you pleading guilty of your own free will because you are guilty?
>
> [PETITIONER]: Yes.

Doc. No. 85 at 8:3-13. Given Petitioner's statements in the plea agreement and at the time she entered her plea, the court finds that Petitioner's unsubstantiated allegations of deficient performance are not credible. *See Blackledge v. Allison*, 431 U.S. 63, 65 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citations omitted).

Further, Petitioner fails to establish that Kawana rendered deficient or prejudicial advice by allegedly advising Petitioner to plead guilty. "A defendant

who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [she] received from counsel was not within the range of competence demanded of attorneys in criminal cases." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted). Petitioner has not shown that Kawana's alleged advice to plead guilty was not within the range of competence demanded of attorneys -- instead, given Petitioner's incriminating statements and the other evidence against her, Kawana's alleged advice is consistent with that other competent criminal attorneys would give. Petitioner thus cannot establish that there is a reasonable probability that, but for Kawana's advice, she "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (defining the "prejudice" requirement in *Strickland*).

In sum, the court finds that an evidentiary hearing is unwarranted because Petitioner's claim that Kawana induced her to plead guilty is wholly incredible in light of the record. Further, even if Petitioner's claim were credible, Petitioner has failed to satisfy either prong of the *Strickland* standard. As a result, the court finds that Petitioner's first ineffective assistance of counsel claim fails.

    b. *Failure to raise the Uniform Code of Military Justice*

Petitioner also contends that Kawana provided ineffective assistance

because he did not argue that Petitioner's incriminating statements should have been excluded because her rights under the Uniform Code of Military Justice (the "UCMJ") were violated. The court disagrees. Whether Petitioner's rights under the UCMJ were violated was immaterial in Petitioner's case before this court. As a result, Kawana's failure to make arguments regarding the UCMJ was neither objectively deficient nor prejudicial to Petitioner.

Pursuant to 10 U.S.C. § 831, the UCMJ sets forth the rights of an accused and provides for exclusion of evidence obtained in violation of these rights:

> No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

10 U.S.C. § 831(b). Although similar to *Miranda* warnings, the § 831 warnings must be given not only during custodial interrogations, but also during non-custodial questioning. *See United States v. Rogers*, 47 M.J. 135, 136 (C.A.A.F. 1997) (comparing the requirements of § 831 with *Miranda*). Persons subject to the UCMJ -- and thus bound to give the § 831 warnings -- include "[m]embers of a regular component of the armed forces." 10 U.S.C. § 802(a)(1).

Even if § 831 applies to Petitioner's June 20, 2005 questioning, the exclusionary rule in § 831 does not apply to evidence entered in proceedings before a United States District Court. *United States v. Newell*, 578 F.2d 827 (9th Cir. 1978). Section 831 provides that "[n]o statement obtained from any person in violation of this article . . . may be received in evidence against [her] *in a trial by court martial*." 10 U.S.C. § 831(b) (emphasis added). By its terms, then, the § 831 exclusionary rule applies only to evidence "in a trial by court martial," *id.*, and does "not purport to apply to federal court proceedings." *Newell*, 578 F.2d at 833. *Newell* therefore found that federal courts outside of the military courts are not obligated to follow the UCMJ, including the § 831 exclusionary rule. *Id.* at 832-33; *see also United States v. Singleton*, 600 F.2d 553, 555 (5th Cir. 1979) (finding "no merit" to the defendant's contention that the district court erred by admitting evidence in violation of § 831 because § 831 "by its terms is limited to evidence used in a trial by court-martial"); Michael J. Davidson, *The Effect of the Military's Article 31 Rights Warning Violations in Federal and State Courts*, 44 Fed. Law. 22, 24 (Aug. 1997) (explaining that the "prevailing view embraces strict statutory construction, and Article 31's plain language limits its application to military forums").

Given that the § 831 exclusionary rule does not apply to evidence

entered in this court, Kawana was not objectively deficient in his decision not to make arguments based on the UCMJ.  Likewise, Petitioner suffered no prejudice because the § 831 exclusionary rule is inapplicable in this court.  As a result, the court finds that Kawana did not provide ineffective assistance of counsel.

**C.     Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability ("COA") may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient."  *Hayward v. Marshall*, --- F.3d ----, 2010 WL 1664977, at *4 (9th Cir. Apr. 22, 2010) (en banc).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further."  *Id*. (citation and internal quotation marks omitted).  The standard "requires something more than the absence of frivolity but something less than a merits determination."  *Id*. (internal quotation marks omitted).

The court carefully reviewed whether Petitioner's claims are

procedurally barred or subject to collateral attack based on ineffective assistance of counsel.  Given the clear guidance provided by the Ninth Circuit on these issues, the court finds that reasonable jurists would not find the court's rulings debatable. Further, Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is DENIED.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Petitioner's § 2255 Motion and DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 21, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Manning v. United States*, Civ. No. 10-00060 JMS/BMK, Cr. No. 05-00491 JMS, Order (1) Denying Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 and (2) Denying Certificate of Appealability